# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50295
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MANUAL DENIZ-RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-669

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Juan Manual Deniz-Ramirez appeals the 42-month above-guidelines sentence imposed by the district court following his guilty plea conviction for illegal reentry. Deniz-Ramirez challenges the substantive reasonableness of his sentence, arguing that it is greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a). In support of this challenge, Deniz-Ramirez contends that the district court improperly used his prior 32-month

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence for illegal reentry as "the benchmark and starting point" for its sentencing decision rather than the guidelines range. He further asserts that his sentence does not adequately reflect his history and characteristics, overstates the seriousness of his offense, fails to provide just punishment, and undermines respect for the law. Deniz-Ramirez also contends that the district court's sentencing decision is greater than necessary to provide adequate deterrence, protect the public, and provide educational or vocational training, medical care, or other correctional treatment.

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). A non-guidelines sentence will be found substantively unreasonable when it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Contrary to Deniz-Ramirez's assertion, the district court did not improperly use his prior 32-month sentence for illegal reentry as "the benchmark and starting point" for its sentencing decision. Rather, the record establishes that the district court's sentencing decision was based on the factual information in the presentence report, the guidelines range, the relevant policy statements, the arguments made by the parties during sentencing, and the § 3553(a) sentencing factors. Relying on this information, the district court concluded that an above-guidelines sentence was necessary to reflect Deniz-Ramirez's history and characteristics, the need to deter future criminal conduct, to impose a just sentence, and promote respect for the law. In support, the district court cited Deniz-Ramirez's "large number of uncounted criminal convictions" and stated that his prior 32-month sentence

No. 15-50295

for illegal reentry "did not get his attention," emphasizing the short period between when Deniz-Ramirez was removed from the United States and when he returned.  Nothing suggests that the district court did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error of judgment in balancing the sentencing factors.  *See Smith*, 440 F.3d at 708.  In essence, Deniz-Ramirez is requesting that this court reweigh the § 3553(a) factors, which is not within the scope of this court's review.  *See Gall*, 552 U.S. at 51.

The judgment of the district court is AFFIRMED.